No. 34,173

FLORENCE E. PHELPS, as Executrix, etc., of the Estate of William A. Phelps, Deceased, *Appellee*, v. HATTIE YOUNG PHELPS et al., *Appellants*.

(87 P. 2d 550)

Opinion filed March 4, 1939.

*Harry W. Royer,* of Fort Scott, and *Hugh M. Bland,* of Oklahoma City, for the appellants.

*A. B. Keller, George R. Malcolm, C. A. Burnett* and *Paul L. Wilbert,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

HOCH, J.: This case relates to disposition of funds derived from an adjusted compensation certificate held by a World War veteran at the time of his death. The case is here on appeal from the district court of Bourbon county.

William A. Phelps, a veteran of the World War, died testate in Bourbon county, on April 11, 1935. The provisions of the will here involved are as follows:

"First. I direct that all my funeral expenses, also my personal doctor bill, be paid out of my adjusted service certificate of the World War.

"Second. I give and bequeath to my son, Billy Gene Phelps, the remainder of my estate. My last will and testament naming Florence E. Phelps, my mother, as guardian to serve without bond. I entrust my mother so to do without the intervention of any court."

The will was admitted to probate on July 29, 1935, and on August 1, 1935, Florence E. Phelps duly qualified as executrix of the will. In May, 1936, a petition was filed in the district court to vacate and set aside the order admitting the will to probate. Issues were joined, the will was upheld and no appeal taken.

The remaining credit value of the certificate—a certain loan from the government having been charged against the certificate—was $660.30. Deceased left no other assets. A number of claims against the estate were filed in the probate court. The record is not clear as to which ones have been paid by the executrix. Among the claims was one for $178 by Doctors Newman and Young, and one for $495 by the Konantz undertaking firm.

The district court, reversing the probate court, held, upon an agreed statement of facts, that the bills of the undertaker and the doctors should be paid, that no other claims or debts should be paid from the fund and that the remainder of the fund, if any, should be paid to Billy Gene Phelps, son of the deceased. Hattie Young Phelps, mother and natural guardian of Billy Gene Phelps, a minor, appeals, contending that payments to the doctors and undertaker cannot lawfully be made for the reason that the fund is not liable under federal law for payment of debts.

It is true that under the World War adjusted compensation act the funds derived therefrom are not "subject to attachment, levy, or seizure under any legal or equitable process." The statutory provision has been modified but not weakened since the death of the veteran in this case. The provision in effect at the time of his death was as follows:

"No sum payable under this act to a veteran or his dependents, or to his estate, or to any beneficiary named under Title V, no adjusted service certificate, and no proceeds of any loan made on such certificate shall be subject to attachment, levy, or seizure under any legal or equitable process, or to national or state taxation, and no deductions on account of any indebtedness of the veteran to the United States shall be made from the adjusted service credit or from any amounts due under this act." (44 Stat. 827, c. 751, § 3 (a) ; 38 U. S. C. A. § 618.)

It is well established that the federal government has broad power to impress funds of this character with such limitations. Aside from directions in the will creditors of the estate could not maintain claims against the estate to be paid out of this fund. The question is whether the veteran had a right to direct such payment.

Subsequent to the death of the veteran, Phelps, amendments to

the act gave certificate holders the right to cash them prior to the due date provided in the original act. While the veteran in this case did not have such right, he did have an unrestricted right to name those who should receive payment in case he died before the expiration of the twenty-year period provided in the certificate. He could change the beneficiaries at any time, subject to the approval of the veterans' administration. (38 U. S. C. A. § 641 and § 647a; Federal Laws relating to veterans of wars of the United States, Supp. 1, p. 203.) In the original certificate Hattie Young Phelps, the wife, had been named as beneficiary. A certified copy of the will was filed with the veterans' administration at Washington, and due notices also filed as to the death of the veteran, the probating of the will and the final action of the district court thereon. It is agreed by the parties that the will was duly approved by the federal administrator as the last will and testament of William A. Phelps, deceased, and that the federal administrator approved the change of beneficiaries and that there was placed on the certified copy of the will the endorsement:

"CHANGE OF BENEFICIARY
Approved by Frank E. Zuber
Date 10-23-35
For the Administrator."

In March, 1937, after being fully advised, the veterans' administration paid to Florence E. Phelps, executrix of the will, the sum of $660.30.

The federal act itself does not define the term "beneficiary," and the ordinary meaning must be given to it. The essence of the term is that it indicates the person to whom the insured desires the money to go in case of his death. The intention of the testator in this case is unmistakable. He desired to have the doctors and the undertaker paid from the fund and the remainder go to his son. He named no others and no other payments could lawfully be made from the fund. All provisions of the law having been complied with, we see no lawful basis for setting aside the direction for disposition of the fund which the testator had a clear right to give.

The testator directed that the fund first be used for payment of his funeral expenses and his personal doctor bill. No question is here raised as to ascertainable identity of the doctor or the undertaker. It will be noted, however, that the testator fixed no certain amounts which they were to be paid. It was and is the clear duty

of the executrix and the probate court to pass upon the fairness and reasonableness of the bills submitted by the doctors and the undertaker. We assume they have not been or will not be remiss in discharging that duty.

The judgment of the trial court is affirmed.