## Trumbore's Estate

*Anna Dickinson*, for exceptant.

*Theodore G. Confer*, for Commonwealth.

MARX, P. J., March 25, 1944.—Decedent, a veteran of World War I, died January 10, 1943, leaving a last will, dated February 19, 1925, probated February 17,

1943. Letters of administration c. t. a. were granted to Charles Trumbore.

By his will decedent disposed as follows:

"(To Whom it may Concern)

"I, George E. Trumbore do hereby make my
(Mother)                    (Remarried)
Mrs. Ida Beck 523 Moss St. as my beneficiary to collect
                    Rdg. Pa.
my adjusted Service Certificate and the value there-in.

"Should she dye before it come due I make my;
(Brother) Chas. Trumbore my beneficiary.
                    444 Locust st. Rdg. Pa.

"Should he dye befor it comes due I make my sister Mrs. Alma Hatt my beneficiary of this certificate.
                    1053 Moss St.
                    Rdg. Pa."

The legatee, Mrs. Ida Beck, predeceased testator. The legatee, Charles Trumbore, survives. The inventory and appraisement filed reported assets aggregating $501.23. The account showed a balance due the estate of $203.05. Appended to the inventory and appraisement was a notation that the administrator c. t. a. had come into possession of twenty-five $50 United States of America Adjusted-Service Bonds, due 1945, registered in the name of Berks County Trust Company, guardian of George E. Trumbore, decedent, an incompetent. These bonds and $13 in cash were received in satisfaction and exchange of an adjusted-service certificate, no. 1,124,413, dated January 1, 1925. The bonds were not included in the inventory nor in the account. The balance for distribution, as found upon the account, was decreed to the Commonwealth of Pennsylvania, in payment on account of expenditures made by the Commonwealth in the interest of decedent. In the adjudication confirmed January 29, 1944, the auditing judge surcharged the accountant with the aforesaid 25 bonds of the par value of $1,250, and the

additional $13 received in the settlement. Distribution was decreed to the next of kin, the four brothers and one sister of testator, in disregard of the aforesaid testamentary disposition. The exceptions to the adjudication and distribution charge error in that disposition. Exceptant, Charles Trumbore, claims as legatee under the will and as named beneficiary of the certificate and the bonds.

In the adjudication it was held that the testamentary disposition was in violation of statutory authority and consequently void, and that the naming of a beneficiary by will was without authority and ineffective. In arriving at that conclusion, we relied on a dictum found in the opinion of the Supreme Court in the case of Schmuckli's Estate, 341 Pa. 36. At page 41 the court said:

". . . Congress (as it had done with respect to the Adjusted Service Certificates) directed payment of the bonds to the estate of the veteran, not as an asset thereof, but merely for the purpose of ascertaining the veteran's next of kin, and expressly relieved the bonds from taxation."

The decision in Schmuckli's Estate was that the bonds were not subject to liability for transfer inheritance tax to the Commonwealth, since they had become an asset of the estate for the sole purpose of determining their future lodgement. Nowhere in the pertinent legislation do we find warrant for the statement that the bonds came into the possession of the estate of decedent "for the purpose of ascertaining the veteran's next of kin". The case did not require that statement. Undoubtedly, if decedent died without a will and with no named beneficiary, the determination of his next of kin would be necessary. The decision in Schmuckli's Estate does not, however, go to the extent of saying that the bonds must pass to decedent's next of kin, in spite of a testamentary disposition by decedent.

The Act of Congress of May 19, 1924, c. 157, sec. 501, as amended by the Act of July 3, 1930, c. 863, sec. 2, 38 U. S. C. §641, provides for the issue of an adjusted-service certificate, in which "The veteran shall name the beneficiary of the certificate and may from time to time, with the approval of the Administrator, change such beneficiary. The amount of the face value of the certificate . . . shall be payable . . . (1) to the veteran twenty years after the date of the certificate, or (2) upon the death of the veteran prior to the expiration of such twenty-year period, to the beneficiary named; except that if such beneficiary dies before the veteran and no new beneficiary is named, . . . the amount of the face value of the certificate shall be paid to the estate of the veteran".

By the Act of January 27, 1936, c. 32, sec. 1, 38 U. S. C. §686, adjusted-service certificates were declared to be immediately payable". By the amendment of August 14, 1937, c. 628, 38 U. S. C. §686(c) the amount certified due the veteran or his estate was made payable in bonds of the United States, registered in the name of the veteran, in denominations of $50, with the difference beyond a multiple of that sum in cash, and it directed, further, that the bonds so issued "shall not be transferable, assignable, subject to attachment, levy, or seizure under any legal or equitable process and shall be payable only to the veteran or, in case of death or incompetence of the veteran, to the representative of his estate".

The amendment of July 3, 1930, c. 863, sec. 2, 38 U. S. C. §647(a), provides:

"Notwithstanding any other provision of this chapter a veteran may, under regulations prescribed by the Administrator of Veterans Affairs, name more than one beneficiary, and may from time to time, with the approval of the Administrator, change such beneficiaries. If the Administrator is unable to ascertain

the beneficiary named by the veteran, payment shall be made to the estate of the veteran."

It must be noted that nowhere does the relevant legislation require the selection of a beneficiary or beneficiaries from a designated class, nor does it expressly authorize the naming of a beneficiary by the will of the veteran. War risk insurance, under the Act of Congress of October 16, 1917, and the amendments thereto, expressly limited beneficiaries to a designated class, but also permitted the naming of a beneficiary by will. See Ogilvie's Estate, 291 Pa. 326. We find a single case, Phelps' Estate, 149 Kans. 428, 87 P. (2d) 550, in which a beneficiary was named, not in the certificate, but by the will of the deceased veteran, and was held entitled to the proceeds of the adjusted-service certificate and the bonds or proceeds thereof. It might be urged that naming of a beneficiary by will did not have the approval or sanction of the administrator, but that question can hardly be raised here, since, with the approval and sanction of the administrator, the bonds and surplus cash were transferred and paid to the guardian of the estate of the veteran, who had become incompetent. The bonds and the surplus cash thus became a part of the estate of the deceased veteran, exempt from charges and liabilities above stated, and, we hold, subject to distribution as the estate of the deceased veteran, to his next of kin, in the event of intestacy, or to his named legatee or beneficiary, in the event of testacy. The adjudication in relation to said bonds is amended accordingly and the decree of distribution is amended so as to read as follows:

To Charles D. Trumbore,—
    25—$50 The United States of America Adjusted Service Bonds, due 1945, bonds numbered 34,169,741 to 34,-169,765, inclusive, registered in the

name of Berks County Trust Company, guardian of George E. Trumbore, received, with $13 in cash, in exchange for adjusted service certificate no. 1,124,413, dated January 1, 1925,                $1,263.00

In view of our amended finding and decree, no consideration need be given to the remaining exceptions.

As amended, the adjudication and distribution are now confirmed absolutely.